UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                   NO. 97-360

MICHAEL COLEMAN                          SECTION "R"

### ORDER AND REASONS

Petitioner Michael Coleman moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the Court DENIES petitioner's motion.

**I.   PETITION FOR RELIEF UNDER SECTION 2255**

The Court entered a judgment and commitment order sentencing Coleman to 96 months of imprisonment on May 27, 1998. Coleman did not appeal his sentence or conviction, and it thus became final on June 8, 1998. *See* FED. RULE OF APP. PRO. 4(b)(1). Coleman mailed the instant motion to the Court on April 16, 2006, nearly eight years after his conviction became final. Section 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Coleman's petition was filed more than one year after his conviction became final, and he does not contend that any governmental action impeded his ability to request post-conviction relief.  He also does not assert any right that has been newly recognized by the Supreme Court and made retroactively applicable to his case.  Therefore, the petition must be deemed untimely and denied, unless petitioner can show that he filed within one year from the date on which he discovered facts supporting his claim.

The crux of petitioner's motion is that he did not learn until April 10, 2006 that he was not entitled to credit while serving in federal custody against his state sentence for violating his state parole.  Specifically, after petitioner was released from federal custody on February 13, 2006, he was taken into custody by Louisiana authorities in connection with a state

parole violator detainer that had been filed as a result of his 1998 federal conviction.  On March 23, 2006, the Louisiana Board of Parole revoked petitioner's state parole, and sentenced him to be held in state custody until October 13, 2015.  Petitioner states that he requested credit for time served in federal custody on March 31, 2006.  He then states that he learned his request was denied on April 10, 2006, after which he filed this petition within a week.

While the Court finds that petitioner could have discovered within a year of his federal conviction that his state parole would be revoked and that he would not receive credit for time served in federal custody from state authorities, the Court does not even need to reach the issue of timeliness because the Court cannot grant the relief that petitioner requests in any event. In this motion, petitioner appears to ask the Court to either modify petitioner's completed federal sentence to run concurrently with any state sentence imposed upon revocation of his state parole or to declare that the Louisiana Department of Public Safety and Corrections violated Louisiana law by failing to credit petitioner's time served in federal custody against his state sentence for violating parole.  Neither claim has merit.

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam)).  Petitioner has not alleged that any of his constitutional rights was violated, nor has he shown any miscarriage of justice that would result from the action that petitioner challenges.  Furthermore, petitioner erroneously asserts that the Louisiana parole board misinterpreted state law when it refused to credit petitioner's time served in federal custody toward his state sentence for parole revocation.  Under Louisiana law, "when a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States . . . of an offense while committed on parole . . . his parole shall be deemed revoked as of the date of the commission of the felony . . . ." La. Rev. Stat. 15:574.10.  The Louisiana Supreme Court has clearly stated that La. Rev. Stat. 15:574.10 "can have application only to the state courts" and "has no effect . . . where the crime committed by [a petitioner] while on parole was a federal offense."  *State ex rel. George v. Hunt*, 327 So.2d 375, 377 (La. 1976).  In any event, petitioner must exhaust his state court remedies before he can assert his claim under Louisiana

law.

Accordingly, petitioner has not asserted any claims in his Section 2255 petition upon which the Court can grant relief. Petitioner's motion must be DENIED, and his application for post-conviction relief must be dismissed with prejudice.

New Orleans, Louisiana, this __6th__ day of December, 2006.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE